UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON CHRISTOPHER WILLING,

    Petitioner,                                           CIVIL CASE NO. 06-11650

v.                                                        HONORABLE PAUL V. GADOLA
                                                         U.S. DISTRICT COURT

MILLICENT WARREN,

    Respondent,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

      Aaron Christopher Willing, ("petitioner"), presently confined at the Thumb Correctional Facility in Lapeer, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his application, filed *pro se,* petitioner challenges his conviction and sentence out of the Michigan courts for an unspecified criminal conviction.  For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

**I.    BACKGROUND**

      Petitioner was originally convicted of conspiracy to deliver 225-649 grams of cocaine following a jury trial in the Oakland County Circuit Court.  Petitioner was sentenced to fifteen to forty five years in prison.

      The Michigan Court of Appeals reversed petitioner's conviction, finding that he had been deprived of the assistance of counsel during several pre-trial hearings. *People v. Willing*, 704 N.W.2d 472 (Mich. Ct. App. 2005).

      On February 6, 2006, petitioner pleaded guilty to an unspecified criminal charge.  According

1

to a letter written by petitioner's mother to his appellate counsel, which has been attached as an exhibit to the petition, petitioner received seven to twenty years in prison the same day.

Petitioner has now filed the instant habeas application, in which he seeks habeas relief on the following grounds, as quoted in his application:

Issue I.  Double Jeopardy attached on August 12, 2003, when during trial of the cause, and outside of Mr. Willing's presence, the State participated in a Sham hearing.  On August 13 2003, with State participation and trial court signed a Permanent Injunctive Order (PIO) which enjoins Mr. Willing or his agents, from communicating with agents and/or employees of Oakland County.  This PIO was filed with the court August 14, 2003, after return of a jury verdict.  Double Jeopardy became ripe at the first notice of the State's intent to retry Mr. Willing in a published notice, June 30, 2005, and was furthered by it's second notice of intent through an ex parte Motion for Writ of Habeas Corpus, filed July 22, 2005.

> Issue II.  There can be no "manifest necessity" for prosecutorial or judicial misconduct in order for retrial to be permissible under double jeopardy concepts. [citation omitted]  For the Manifest Necessity Doctrine to apply to allow retrial, the fault cannot lie at the feet of the prosecution or the judge. [citation omitted]
>
> Issue III.  The Trial Court acted while lacking jurisdiction when appointing counsel on July 7, 2005, issuing writs for Mr. Willing, July 22, 2005.  The trial court failed and refused to timely place its order of dismissal consistent with the mandates of the Court of Appeals in writing, "a court speaks through it's written order".  The Trial Court "resentenced" Mr. Willing, February 6, 2006, after loosing jurisdiction, due to expiration of the "180-day rule" of MCL 780.131, and MCR 6.004(D), either December 28, 2005, or January 18, 2006.  The Trial Court failed and refused to address the Double Jeopardy issue, which includes the "Manifest Necessity Doctrine" to occlude the issues of judicial and prosecutor misconduct.
>
> Issue IV.  Mr. Willing has been continuously denied effective assistance of counsel pursuant to Amend. VI, of the US Const. (as if to smite the COA, and to punish him for a successful appeal).  These attorneys owed duties to Mr. Willing the essential fundamentals to insure that miscarriage of justice within their reach be surfaced and corrected and to safeguard Mr. Willing's Constitutional and Statutory rights to assure his individual freedoms and arbitrary and lawless state action.

Petitioner's Habeas Corpus Application, p. 4 (Apr. 5, 2006).

## II.   DISCUSSION

The instant petition must be dismissed, because petitioner has not yet exhausted his state

court remedies with respect to his guilty plea conviction that was entered after his original conviction was reversed on appeal.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-278 (1971); *Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995). The Antiterrorism and Effective Death Penalty Act ("AEDPA") preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Grant v. Rivers*, 920 F. Supp. 769, 779 (E.D. Mich. 1996). A habeas petitioner has the burden of proving that he has exhausted his state court remedies. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). The failure to exhaust state remedies may be raised *sua sponte* by a federal court. *Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

In the present case, the Michigan Court of Appeals reversed petitioner's original conviction. Petitioner has now been re-convicted on the basis of his plea of guilty. Petitioner must exhaust his state court remedies with respect to this new conviction before he can maintain a federal habeas action. *See Hayes v. Evans,* 70 F.3d 85, 86 (10th Cir. 1995); *see also Webster v. Frey*, 665 F.2d 88, 89-90 (6th Cir. 1981) (habeas petitioner was not entitled to federal habeas corpus relief from state court conviction on ground that evidence at his initial state trial was insufficient to support his conviction and that retrial would violate constitutional prohibition against double jeopardy where

petitioner did not exhaust state remedies by presenting double jeopardy claim to state reviewing court which had reversed his original conviction for procedural errors). Petitioner's original conviction was reversed and he was convicted a second time on his plea of guilty. Petitioner cannot attack his second conviction without first having exhausted his state court remedies with respect to his new conviction. *See Barnard v. Henderson*, 531 F.2d 1332, 1332 (5th Cir. 1976).

Petitioner has not presented his claims to the Michigan Court of Appeals or to the Michigan Supreme Court. Therefore, he has not exhausted his state court remedies. *See Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003). Michigan Court Rule 7.205(F) allows an applicant twelve months from the entry of the judgment or order being appealed to file a delayed application for leave to appeal in the Michigan Court of Appeals. *Id.* Petitioner claims that he was re-sentenced on February 6, 2006. Accordingly, the time for filing a delayed application for leave to appeal in the Michigan Court of Appeals has not expired. Therefore, petitioner has an available remedy in state court to exhaust his claims. *Id.*

In this case, the petition contains no exhausted claims over which the Court may retain jurisdiction. *See id.* Thus, the Court finds that the most reasonable approach to be a dismissal without prejudice so that petitioner may pursue exhaustion of his state court remedies. *See id.*

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *see Rhines v. Weber*, 544 U.S. 269 (2005), in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the

petition while the petitioner pursues his claims in state court.  *See Hust v. Costello,* 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004); *see also McCreary v. Smith*, No. 04-CV-60202, 2005 WL 1349114, at *3 (E.D. Mich. May 25, 2005).

In addition, the present habeas petition was filed with this Court before petitioner's conviction became final with the state courts pursuant to 28 U.S.C. § 2244(d)(1)(A).  Because the one year limitations period has yet to begin running in this case, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his state court appeal.  Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims.  *See Schroeder v. Renico*, 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001).

### III.    CONCLUSION

**ACCORDINGLY, IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus [docket entry 1] is **DISMISSED WITHOUT PREJUDICE**.


Dated:    April 26, 2006                                  s/Paul V. Gadola
                                                          HONORABLE PAUL V. GADOLA
                                                          UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   April 26, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                                                                                                                                               ,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:          Aaron Willing                    .

                                                s/Ruth A. Brissaud
                                                Ruth A. Brissaud, Case Manager
                                                (810) 341-7845